## Lieberman Pottery, Inc., v. McElroy

*Powlen & Zwanetz*, for plaintiff.
*Samuel C. Nissenbaum*, for defendant.

ALESSANDRONI, P. J., July 14, 1958.—Plaintiff filed a complaint in equity wherein it is alleged that plaintiff is the lessee of certain real property, that plaintiff is in the pottery business, that defendant landlord

failed to provide sufficient heat, that the lack of heat caused plaintiff to suffer losses of business and of products, that plaintiff refused to pay the rent when due in March, the plaintiff's property was distrained for the rent due, that plaintiff suffered irreparable harm and plaintiff prays for a mandatory injunction ordering defendant Lichow to repair the heating system and enjoining the three defendants from making levy and distraint upon plaintiff's goods.

Defendant McElroy filed preliminary objections averring that plaintiff has an adequate remedy at law under The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.101 et seq.

It must be conceded, as plaintiff inferentially does, that an adequate remedy at law exists under the provisions of The Landlord and Tenant Act of 1951, supra. Plaintiff has attempted to argue away the remedies at law and suggests that since the remedies are not mandatory, equity may retain jurisdiction. We do not pass on the issue as to whether the remedy is or is not mandatory, since it is unnecessary to this decision; its argument that the remedy is not mandatory concedes the existence of the remedy and therefore denies the basic premise of the complaint, to wit, plaintiff does not have an adequate remedy at law.

Plaintiff has several remedies: An action for damages for breach of quiet enjoyment; replevin within five days of the distraint: The Landlord and Tenant Act of April 6, 1951, P. L. 69, sec. 306, 68 PS §250.306; and a proceeding to determine tenant's set-off: Act of 1951, supra, 68 PS §250.307.

Plaintiff has failed to plead facts to support an allegation of irreparable harm; there is no suggestion of damage for which money could not be adequate compensation. As an additional basis for equity jurisdiction plaintiff alleges multiplicity of actions be-

cause of the threat of monthly distraints; however, since it is within plaintiff's power to proceed at law to enforce his rights and remove the threat of the distraint, plaintiff has a remedy at law and equity has no jurisdiction.

### Order

And now, to wit, July 14, 1958, defendant McElroy's preliminary objections are sustained; the complaint is certified to the law side of the court.